**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEPHEN LANHAM,

    Plaintiff,

vs.                                                  Case No. 3:09-cv-39-J-32MCR

CREATIVE INTERIORS, LLC, a Florida
limited liability company d/b/a CREATIVE
COATINGS, LLC, JAMES B. PARRISH,
and CLAY PARRISH,

    Defendants,

## **ORDER**[1]

Before the Court is the parties' Joint Stipulation For Dismissal With Prejudice. (Doc. 5.) This case is brought under the Fair Labor Standards Act, as amended. 29 U.S.C. § 201 *et seq.*, by plaintiff who seeks unpaid wages, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. (Doc. 1.) The Court must make a finding that any settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. Dep't of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also, Silva v. Miller, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009) Though "Plaintiff represents and acknowledges payment in

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

*full* for all of his claims, including claim claims for overtime, liquidated damages and attorney's fees and costs," (Doc. 5 at 1 (emphasis in original)), the Eleventh Circuit has stated that FLSA does not contemplate that a settlement in which "the parties stipulate that the employee is receiving full recovery under the facts of the case" is exempt from judicial review. Silva, 2009 WL 73164, at *1; see also id. at *2 ("[o]n its face, Lynn's Food suggests no exception to judicial oversight of settlements when the employee receives all wages due").

> FLSA provisions are mandatory; the "provisions are not subject to negotiation or bargaining between employer and employee." [Citation omitted.] Only two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor, . . . ; the other is pursuant to "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."

Silva, 2009 WL 73164, at *2 (quoting Lynn's Food Stores, Inc., 679 F.2d at 1352-54).[2]

Accordingly, it is hereby

**ORDERED**:

1. The parties shall have until **March 25, 2009** to file settlement documents

---

[2] The Eleventh Circuit in Silva did express the following caveat: "[w]e do not say what, if any, judicial oversight applies under Lynn's Food when full satisfaction of the FLSA claim is made . . . ." Silva, 2009 WL 73164, at *2. If the parties take the position that the FLSA does not require the Court to review the terms of their settlement, they may so designate by motion filed no later than **March 25, 2009**.

in order to enable the undersigned to review the settlement to determine whether, under the Fair Labor Standards Act, the settlement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the Fair Labor Standards Act. Lynn's Food Stores, Inc., 679 F.2d at 1355.

2. If the parties have not filed settlement pleadings or a request for extension of time by the **March 25, 2009** deadline, this case will automatically be deemed to be dismissed without prejudice. The Clerk should close the file now, subject to reopening if the parties file papers by the **March 25, 2009** deadline.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of February, 2009.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record